[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: POST JUDGMENT DEPOSITION
The parties are embroiled in a dispute over whether and under what conditions a discovery deposition may be conducted of the defendant by plaintiffs counsel. Each is represented by a skilled and experienced trial attorney. The plaintiffs attorney has moved for sanctions concerning the deposition tat began but did not conclude. The defendant's counsel has CT Page 7584 moved to terminate the deposition.
The scheduling of the deposition has been difficult forte parties and the court, which has tried to take into account the competing interests of the parties and their counsel. The plaintiffs counsel has had difficulty scheduling the deposition because he has been involved in a long and arduous trial in another district for much of the year. The defendant's counsel, in contrast, has had difficulty accommodating the scheduling because he does not work on weekends or holidays. I ordered the deposition scheduled to take place at the courthouse on March 28, 2002 under my supervision between 4:00 p.m. and 7:00 p.m. on March 28, 2002. Unexpectedly, I was called away to deal with an urgent matter in another district. Scheduling a deposition in the court house at those hours is unusual for two reasons. First, the court should not have to supervise depositions. Secondly, the court does not ordinarily schedule events for the period after 5:00 p.m. The schedule was made because the court believes that the interests of justice generally and in this case in particular are best served if reasonable discovery is permitted to proceed.
I have reviewed the transcript of the deposition. I note that the deposition did not begin at 4:00 p. m. as scheduled. I also note that the defendant did not produce all of the documents which were required by the Notice of Deposition served on the defendant's counsel. Finally, I note that the deposition descended into a cacaphony of commentary which was, in the most generous terms possible, inappropriate.
The deposition will continue. It will continue under the DIRECT supervision of the court. It will continue until concluded, but it will be concluded in six hours or less of actual questions and answers. The time taken up in argument and objection by the defendant's counsel will not be counted against the six hours. The plaintiff will only be permitted to attend if the court is assured that she will remain silent except for communications with her attorney.
The plaintiff is entitled to her discovery. The defendant is required to submit to it. Neither the defendant nor his attorney is required by that process to be subjected to indignity by the plaintiffs gratutitous comments.
PARTIES and their counsel will report for a scheduling conference at their mutual convenience prior to June 18, 2002 at 4:30 p. m. but if they have not reached a time of mutual convenience prior to that time then they shall appear at 9:15 a.m. on June 19, 2002. Parties will not be excused. The defendant will at all times be prepared to produce for deposition the materials requested in the Notice of Deposition, including CT Page 7585 but not limited to June 19, 2002.
The objection to continuance of deposition is denied. The court reserves decision on the plaintiffs motion for sanctions.
Orders will enter accordingly.
BY THE COURT,
GRUENDEL, J.